**UNITED STATES of America et al.,
Plaintiffs,**

v.

**Paul SILVIO et al., Defendants.**

**Civ. A. No. 17733-1.**

United States District Court,
W. D. Missouri, W. D.

Aug. 25, 1970.

Calvin K. Hamilton, First Asst. U. S. Atty., Paul Anthony White, Asst. U. S. Atty., Kansas City, Mo., for plaintiffs.

A. Glenn Sowders, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

**JOHN W. OLIVER, District Judge.**

This is an action to enforce compliance with five Internal Revenue summonses, all of which seek the production of particular corporate books, records and other data of three corporations. The summonses were served on the defendants either as former or present officers of those corporations. Counsel agree that none of the relevant facts are in dispute.

The questions presented are: (1) whether the summonses are valid in that they were issued by Special Agents of the Internal Revenue Service and (2) whether the defendants have rights guaranteed by the Fourth and Fifth Amendments which preclude this Court from ordering compliance with the summonses.

■ The parties have submitted extensive briefs, which have been fully considered. The answers to the questions are so clear that extended discussion is redundant. The authority of a Special Agent to issue summonses for the purpose of examining records and taking testimony is established by Section 7602 of the Internal Revenue Code of 1954 and the designation of Special Agents by Treasury Regulation § 301.7602–1(c) (4). The leading and controlling cases are Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459; United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112, and United States v. Giordano, 419 F.2d 564 (8th Cir., 1969).

■■ The leading case of Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911), establishes that corporate, as distinguished from private, records must be produced by any person in posession of the same and such production cannot be resisted on the ground of either self-incrimination or any alleged Fourth Amendment right, even if such production may reveal a violation of law, by an officer or former officer of the corporation. That case establishes that the individual may not be required to testify about the corporate records. But that fact does not give him the right to refuse the production of the corporate records. Wilson v. United States, *supra*, has been cited with approval in many Supreme Court cases, most recently in United States v. Kordel, 397 U.S. 1, 7, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970), which reiterates that the mere fact that an individual may invoke his Fifth Amendment privilege in regard to oral testimony does not mean that corporate records need not be produced under appropriate process.

■■ The Government attempted to take the depositions of the three defendants on February 24, 1970. The defendants refused to answer any questions; each defendant asserted his Fifth Amendment privilege. While defendants may have been within their rights in such refusal, they cannot refuse to produce the corporate records, identified in the five subpoenas attached to the Government's complaint; a corporation has no Fifth Amendment privilege.

Accordingly and for the reasons stated, it is

Ordered that within ten (10) days of this order defendants Paul Silvio, Nicholas Civella, and Anthony T. Civella shall obey the aforesaid summonses by producing the books, records and other papers called for by the terms of such summonses at such time and place as may be fixed within said period by any of the Special Agents named as plaintiffs in this action, or any other proper officer of the Internal Revenue Service. It is further

Ordered that the United States recover its costs. It is further

Ordered that failure on the part of the defendants, or any one of them, to produce the records and other data called for in the five summonses shall impose the duty upon the plaintiffs to institute an appropriate contempt proceeding in this Court.