**UNITED STATES of America,**
**Plaintiff,**

v.

**Paul SILVIO et al., Defendants.**

**No. 17733-1.**

United States District Court,
W. D. Missouri, W. D.

Sept. 1, 1971.

Paul Anthony White, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

A. Glenn Sowders, Jr., Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This case pends on defendants' motion to dismiss this Court's recent order to show cause why they should not be held in contempt of this Court's earlier order dated August 25, 1970, 317 F.Supp. 1108. The latter order, for reasons fully stated, directed defendants to comply with Internal Revenue summons served on each of them on April 25, 1969. Defendants' motion will be granted for the reasons stated.

We state the following facts in order that the legal question presented be placed in focus. On April 25, 1969 all of the defendants were served with § 7602 Internal Revenue summonses in their respective capacities as corporate officers of Anthony's Pizzeria, Inc., Milestone Insurance Agency, Inc., and Anthony Enterprises, Inc. Those summonses, in their usual form, required defendants to give testimony relating to the tax liability of the respective corporations for the taxable years 1964 through 1967, inclusive, and to produce various books, records, and papers listed in each of the summons. Defendants were required to appear on May 9, 1969 before Messrs,

Wells, Lyons and Broderick, Special Agents of the Internal Revenue Service.

Defendants did appear as required but they refused to testify or produce the books, records, and papers demanded. Some five months later on October 10, 1969, the government filed its complaint to enforce those Internal Revenue summonses. After appropriate proceedings in this Court defendants were ordered to obey the summonses "by producing the books, records, and other papers called for by the terms of such summons at such time and place as may be fixed * * * by any of the special agents named as plaintiffs in this action, or any other proper officer of the Internal Revenue Service."

Defendants again appeared before the Special Agents of the Internal Revenue Service on September 4, 1970. Defendants on that day produced the few corporate books, records, and papers which they possessed. Each defendant testified that he had no additional records, that he had never had any additional records since the date the summons was served on him and that he did not know where such records may be. Special Agent Lyons thanked the defendants "for complying with the Court Order and reporting at this time as stated in the Court Order. We must now report back to the Court the outcome of this meeting." (p. 11 of September 4, 1970 Q & A Statement).

Some nine months later, on June 8, 1971, the government filed its motion for an order holding defendants in contempt. That motion was supported only by an affidavit of Special Agent Lyons which stated the facts concerning defendants' September 4, 1970 hearing which we have outlined. On June 15, 1971, we entered an order which required the defendants to show cause in writing why they should not be held in contempt. On June 25, 1971, defendants moved to dismiss the order to show cause for the alleged reason that each of the defendants had fully and completely

complied with the Internal Revenue Service summonses. Defendants' motion was supported by identical affidavits of each of the defendants which recited that each had appeared on September 4, 1970 and that each had in fact produced any and all of the corporate records which were or which ever had been in his possession from the date of the issuance of the summonses until September 4, 1970 and that each of the defendants had in fact testified as to his knowledge of the whereabouts of any and all of the books and records.

Our memorandum and order of August 2, 1971 directed the government to file an appropriate response to the defendants' motion in light of the fact that no suggestions had theretofore been filed in support of the government's motion and in light of the fact that the government had not indicated in any way whether or not it wished to place in issue any of the factual data stated in the respective affidavits of the defendants. In compliance with that order the government filed suggestions in opposition on August 6, 1971 and supplemental suggestions in opposition on August 13, 1971.

In those suggestions the government concedes, as it must, that the defendants, consistent with the statements in their affidavits attached to their motion, and consistent with the transcript of the September 4, 1970 proceedings before the Special Agents of the Internal Revenue Service, have stated that "they do not have the summoned records, that they did not have the records at the time the summons was issued and that they do not know where the records are." (P. 3 of Government's supplemental suggestions).

The government properly concedes that as a matter of law:

It is axiomatic that this Court cannot order a party to perform an impossible task. Applying this principle to the present case, the Court could not order the defendants to produce documents which they do not have, assuming that the defendants have not taken some action to dispossess themselves of the records and thereby defeat the summons. Thus, absent some scheme to defeat the summons, lack of possession or control of the summoned documents is a valid defense to enforcement.

The government does not claim that the defendants participated in some scheme to defeat the summons or that their sworn statements in regard to their lack of possession or control of the documents were false. It would seem obvious that if the government had probable cause to believe that the defendants' answers to the questions asked them by the Special Agent of the Internal Revenue Service, reiterated in their affidavits filed in this Court, were in fact false, proper steps would have been taken to establish such a position in an appropriate proceeding.

The government concedes that the defendants in their answer, filed November 28, 1969, in response to the government's complaint to enforce the Internal Revenue summons, generally denied that they were ever in possession of the great majority of the summoned documents. (Government's supplemental suggestion, p. 1). In order, however, to establish some apparent base upon which to predicate an order for contempt, the government contends that:

The defendants have held out the possibility of production of the summoned records until they were actually ordered to produce them, at which time they claimed lack of possession. The defendants have thus engaged in a cat and mouse game with this Court in a most serious manner. (Government's supplemental suggestions, pp. 2–3).

The government also argues that because the defendants were represented by counsel they "cannot be heard to claim that they were unaware of the implications of claiming the privilege to

refrain from self-incrimination when they could not comply with the summonses." (Government's supplemental suggestions, p. 3).

The government's argument rests upon an implicit basic premise that a corporate officer served with an Internal Revenue summons has only one option if he, in fact, does not possess all of the corporate books, records, and papers specified in such a summons. That sole option, according to the government's argument, is to immediately make known his lack of possession or else he will run the risk that he may later be adjudged in contempt of court should the court thereafter order that he produce any and all corporate records in his possession.

The cases relied upon by the government simply do not go that far. In both In re D. I. Operating Company (D.Nev. 1965) 240 F.Supp. 672, and United States v. Boudreaux, 71–2 U.S.T.C. ¶9545 (E.D.La., 1971), it is clear that the individuals did in fact have possession of the records at the time of the service of the Internal Revenue Service's summonses. In *D. I. Operating Company*, the persons involved were held in contempt because of their reckless disregard of their duty to preserve the records pending an appeal. In *Boudreaux*, the respondents violated a specific order of court to preserve and keep in their custody all materials pending further judicial proceedings. Those two cases, the only cases to which the government has directed attention, do not support the government's contention that the defendants in this case should be held in contempt of this Court. The government has not directed our attention to any other legal authority nor has it stated any tenable reasons to support the notion that the defendants should be held in contempt because they based their initial refusal to produce the corporate records on an assertion of their Fifth Amendment privilege.

The government is not without remedy if it is able to prove that the defendants made false statement either to the Special Agents of the Internal Revenue Service or in their affidavits filed in this Court. In granting the defendants' motion to dismiss the order to show cause we simply conclude that, under the undisputed circumstances of this case, the government has not demonstrated any valid legal base for seeking an adjudication of contempt.

For the reasons stated, it is

Ordered that defendants' motion to dismiss should be and is hereby granted. It is further

Ordered that the government's motion for an order holding defendants in contempt should be and is hereby denied.